Bradley S. Shelts, #028206
Jeffrey D. Harris, #031136
**TITUS BRUECKNER & LEVINE PLC**
8355 E. Hartford Drive, Suite 200
Scottsdale, Arizona 85255
480-483-9600
bshelts@tbl-law.com
jharris@tbl-law.com

*Attorneys for Plaintiffs Nutritional Brands, Inc., Nutritional Beverages, LLC, and Jason Pratte*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nutritional Brands, Inc., an Arizona corporation; Nutritional Beverages, LLC, an Arizona limited liability company; Jason Pratte, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Beauty Detox LLC, a Wyoming limited liability company; Kimberly Snyder and Doe Snyder, wife and husband; John Pisani, an individual; Solluna, an entity of unknown origin; Does I-X; ABC Corporations I-X; XYZ Partnerships I-X; and DEF LLCs I-X,<br><br>Defendants. | No. CV-20-00896-PHX-SMB<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>(Assigned to the Hon. Susan M. Brnovich) |

The parties,[1] by and through undersigned counsel, hereby file this *Joint Case Management Report* to comply with this Court's *Order Setting Rule 16 Case Management Conference* filed on May 11, 2020 at Doc. 8. The parties certify that they held a Rule 26(f) conference via telephone on July 18, 2020, and have worked together to develop this report.

---

[1] As listed in response to No. 1, below.

**1.     The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report:**

*Plaintiffs, through counsel:*

- Plaintiff Nutritional Brands, Inc. ("Nutritional Brands")
- Plaintiff Nutritional Beverages, LLC ("Nutritional Beverages") (Nutritional Brands and Nutritional Beverages are collectively or individually, as the context requires, "NB")
- Plaintiff Jason Pratte ("Mr. Pratte")

*Defendants, through counsel:*

- Defendant Beauty Detox LLC ("BD")
- Defendants Kimberly Snyder and Doe Snyder, a married couple (collectively "Snyder")
- Defendant John Pisani ("Pisani")

**2.     A list of the parties in the case, including any parent corporations or entities (for recusal purposes):**

*See* response to No. 1, above, along with:

- Defendant Solluna, which is a name, brand, mark, business, and/or entity of unknown origin;[2] and
- The following fictitious defendants: Does I-X, ABC Corporations I-X, XYZ Partnerships I-X, and DEF LLCs I-X.

**3.     A short statement of the nature of the case (3 pages or less):**

*Plaintiffs' position:*

In February 2014, Plaintiff NB and Defendant BD executed a Private Label Manufacturing Agreement (the "Agreement") for the private labeling of MagO7 (oxygen

---

[2] Defendant submits that "Solluna" is not an independent entity, partnership, or venture, and is merely a brand of products sold. "Solluna" is therefore not a properly named party in this lawsuit.

2

cleanse) for the label Detoxy+. Under the Agreement, the parties to the Agreement agreed that NB was in the business of manufacturing and selling nutritional supplements for private label packaging for customers wishing to resell those Products (as defined therein) under their private label brand, and that BD wished to purchase and sell nutritional supplement products provided by NB in combination with packaging provided by NB and product labeling created and provided by BD and approved by NB.

Years later, the parties entered into a dispute.

Plaintiffs filed this action against Defendants for eight (8) causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) misappropriation of trade secrets under A.R.S. §§ 44-401 to -407; (4) unfair competition; (5) fraud; (6) negligent/innocent misrepresentation; (7) civil conspiracy to commit breach of contract; and (8) declaratory relief on the alter ego doctrine / piercing the corporate veil.

*Defendants' position:*

Defendants deny all liability and any claimed damages.  Defendants also deny that Plaintiffs have asserted actionable torts.  This is a straightforward breach of contract dispute. The contract forecloses all forms of recoverable damages other than pure contract damages. Plaintiffs' tort claims are improperly pleaded, and contravene the Agreement that Plaintiffs seeks to enforce.  Defendants also submit that the individually named Defendants are improperly joined.  This Court lacks jurisdiction over those individuals, and Plaintiffs have nonetheless failed to assert viable claims against those parties.

**4.    The jurisdictional basis for the case, describing the basis for jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes:**

*Plaintiffs' position:*

Plaintiffs claim there is federal jurisdiction here due to the diversity of citizenship of the parties (under, without limitation, 28 U.S.C. § 1332(a)(1)) and the amount in controversy

exceeding $75,000 (under 28 U.S.C. § 1332(a)). Plaintiffs currently claim damages in the six-figure range. As requested by the Court, following is a statement of the citizenship of every party:

- Plaintiff Nutritional Brands is a Nevada limited liability company;
- Plaintiff Nutritional Beverages is an Arizona limited liability company;
- Plaintiff Mr. Pratte is a resident of the State of Arizona;
- Defendant BD is a Wyoming limited liability company;
- Defendant Kimberly Snyder is a resident of the State of California;
- Defendant John Pisani is, upon information and belief, a resident of the State of Florida; and
- Defendant Solluna is a name, brand, mark, business, and/or entity of unknown origin.

*Defendants' position:*

Defendants Kimberly Snyder (and her husband) and John Pisani dispute personal jurisdiction as they have insufficient contacts with the State of Arizona. Defendant Solluna is not a properly named defendant because Solluna is not a legal entity but rather a tradename. Those issues will be briefed in Defendants' forthcoming Rule 12 motion(s).

**5.    Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared:**

Defendant Solluna is the only defendant that has not yet been served. It was recently named as a defendant in the First Amended Complaint filed on July 16, 2020. Following this filing, counsel for Plaintiffs was informed by counsel for Defendants that Solluna is not a legal entity but rather a tradename.

As for the remaining Defendants, all of whom have been served, , Defendants have fourteen days from the filing of the First Amended Complaint to answer or otherwise respond per the Order granted on June 30, 2020 at Doc. 17.

**6.     A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings):**

*Plaintiffs' position:*

Plaintiffs originally named the manufacturer, Synergy Systems Global Inc. ("SSG"), as a party but agreed to voluntarily dismiss it based on the evidence then present. That said, Plaintiffs intend to do discovery into the manufacturer's role in, without limitation, the production of Detoxy+ and Detoxy 2.0 and SSG's communications with Defendants. If the evidence indicates that the manufacturer acted tortiously, Plaintiffs anticipate seeking leave to amend to again name SSG as a defendant.

*Defendants' position:*

Defendants are evaluating whether they will advance counterclaims and whether those counterclaims will add any new parties.  Defendants do not anticipate adding parties at this time but a period of discovery will be necessary to fully evaluate those issues.

**7.     A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705):**

*Plaintiffs' position:*

Plaintiffs anticipate that they may in the future file a motion for partial summary judgment after discovery, although without the benefit of discovery they do not yet know exactly on what issues. It is likely that the claim for breach of contract will be moved on, in

5

addition to potential others. Plaintiffs do not yet know what experts will be necessary and so do not yet know whether Daubert motions will be necessary.

*Defendants' position:*

Defendants will be filing one or more Rule 12 motions to dismiss by the deadline set forth in Docket No. 17.  Defendants also anticipate moving for summary judgment or partial summary judgment once discovery has progressed sufficiently.  At this time, Defendants cannot state whether they will file motions in limine or motions to exclude under FRE 702.  Defendants anticipate the use of experts, including at least one expert germane to contract damages.

**8.    Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial:**

*Plaintiffs' position:*

Plaintiffs anticipate that, at some point towards or after the close of discovery, referral to a Magistrate Judge for a settlement conference may be beneficial. That said, the parties have recently terminated extensive informal settlement discussions which spanned months and thus do not anticipate that further discussions will be productive without the benefit of significant discovery. Plaintiffs do not anticipate requesting a referral to a Magistrate Judge for trial.

*Defendants' position:*

Defendants believe this case should be subject to an early resolution provided both parties engage in good faith efforts to settle this dispute.  This is a straightforward contract case that can and should be resolved without taxing the parties' resources in litigation.  Defendants request a settlement conference before the Magistrate Judge early in this case.  The settlement conference should be held within 30 to 60 days of the Court's Order on Defendants' forthcoming Rule 12 motion(s).  Those motions will determine whether Plaintiffs' tort claims remain, and whether Plaintiff is eligible for damages outside of the contract between the Parties.

The Parties' dispute over the potential liabilities in tort (as opposed to the contract remedies) are a primary barrier to settlement and, once resolved, settlement should be attainable.

Defendants also request that the Court set a mandatory date for private mediation. Defendants' forthcoming MIDP disclosures will include sufficient information for Plaintiffs to evaluate or calculate their alleged damages. To the extent the mandatory settlement conference is unsuccessful, the Court should commit the parties to a private ADR process.

**9.     The status of related cases pending before other courts or other judges of this Court:**

*Plaintiffs' position:*

The only related case is the state court matter which was removed to this Court, Maricopa County Superior Court Case No. CV2020-052369. That case remains inactive and will be resolved upon the resolution of this case.

*Defendants' position:*

Defendants submit that removal of this action stripped the State Court of jurisdiction. Plaintiffs have not filed a motion to remand within the time set under 28 U.S.C. § 1447(c).

**10.    A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (*see* Rules 16(b)(3), 26(f)(3)):**

*Plaintiffs' position:*

Plaintiffs do not currently anticipate any issues relating to preservation, disclosure, or discovery of ESI. At present, Plaintiffs are willing to forego the requirement to have all evidence exchanged in its native format until or unless it becomes evident that there is material evidence which is not forthcoming, at which point Plaintiffs will re-assert this right. However, should

Defendants seek to exchange documents in their native format, then Plaintiffs will seek the same out of fairness, convenience, and uniformity.

*Defendants' position:*

Defendants expect that the Parties will preserve and produce data in its native format. Defendants will insist on that process which is contemplated by the Federal Rules and designed to preserve metadata which is itself evidence that requires preservation. Based on the Parties' discussions during the Rule 26(f) conference of counsel, the Parties apparently do not dispute that preservation and production of ESI must occur in a manner designed to protect and disclosure metadata. However, if such a dispute arises, Defendants will promptly bring that issue to the Court's attention. The Parties generally agree that production of ESI should be managed in strict compliance with the Federal Rules of Civil Procedure.

**11.     A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3)):**

*Plaintiffs' position:*

Plaintiffs will be asserting privilege or other protections for their own confidential and proprietary formulas, processes, and other information which is not relevant to this dispute. To the extent that any of it becomes relevant, Plaintiffs may consider sharing it on an attorneys'-eyes-only basis. Plaintiffs do not anticipate seeking anything which could be considered work product.

*Defendants' position:*

Defendants do not anticipate issues or disputes concerning claims of privilege or work product. The Parties agreed during the telephonic Rule 26(f) conference of counsel that neither party will seek communications or documents prepared by or exchanged with litigation counsel in this instant lawsuit, and neither party will be required to provide privilege logs over such

communications. With that agreement in place, there is unlikely to be substantial attorney-client privileged or work product protected content in dispute during this case. Regarding trade secrets or other proprietary and competitive sensitive information, the parties will be submitting a motion for a two-tiered Protective Order that includes designations for attorneys-eyes-only (AEO) material and confidential information ("CI"), which will protect the parties' sensitive information from disclosure in discovery.

**12.   A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case:**

Yes, Plaintiffs submit that this will likely make sense in light of the privilege and confidential issues above. The parties will work together to exchange a draft agreement prior to the Case Management Conference. Any provisions related to F.R.E. 502(d) can likely be addressed by the proposed Protective Order.

**13.   A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have a risen, a description of those issues so the Court may resolve them at the Rule 16 conference. If the Rule 26(f) joint report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report.**

*Plaintiffs' position:*

MIDP deadlines have not yet passed. The First Amended Complaint was filed on July 16, 2020. The Parties will comply with their MIDP obligations. To the extent that Defendants are granted the 20-day extension sought below, Plaintiffs seek the same extension of time for their own MIDP obligations since this Court's rulings on any Rule 12 motions are anticipated to significantly affect the number and nature of active claims and thus also the scope and amount of permissible discovery.

*Defendants' position:*

Defendants' MIDP disclosures are due 30 days following the date they file a response to the Complaint, or by August 31st. The content of Defendants' MIDP disclosures may depend on the Court's resolution of Rule 12 motions. Defendants therefore requests an extension of 20 days to provide its MIDP disclosures, or by September 18, 2020. That extension will avoid undue expense and burdens, and will allow Defendants to prepare more accurate MIDP disclosures tailored to the claims and defenses that actually remain in controversy following initial motions.

**14. A discussion of necessary discovery. This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:**

> **a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case:**

*Plaintiffs' position:*

Plaintiffs currently anticipate seeking the following:

- The initial court-mandated discovery under the MIDP;
- Subpoenas for documents and testimony to SSG;
- Subpoenas for documents to a handful of third-parties as named in future disclosures;
- Written discovery (RFPs, RFAs, UIs, and NUIs) to BD, Ms. Snyder, and Mr. Pisani focused on the documents, communications, and information in their possession related to Plaintiffs' claims and Defendants' defenses; and
- Depositions of Ms. Snyder, Mr. Pisani, one or more 30(b)(6) representatives of BD, and potentially other witnesses who are named by Defendants, which depositions are not currently anticipated to go longer than four (4) hours each.

In light of the damages sought and the claims currently made in this lawsuit, Plaintiffs believe that this amount of focused discovery is reasonable.

This said, Plaintiffs reserve their rights to seek any discovery described in the Federal Rules of Civil Procedure and intend to waive no such rights through this report.

*Defendants' position:*

Defendants' discovery efforts will be governed by the scope of claims remaining in this case following initial motions under Rule 12. That discovery will also extend to all affirmative defenses that Defendants may raise. Defendants have not yet filed an Answer to the First Amended Complaint. Defendants reserve all rights to pursue discovery under Rules 26 through 37 on all active claims and defenses. Those points notwithstanding, Defendants currently anticipate seeking the following in discovery:

- Enforcement of court-mandated MIDP disclosures;
- Subpoenas *duces tecum* and *ad testificandum* for non-party witnesses identified in MIDP disclosures;
- Written discovery under Rules 26, 31, 33, 34, and 36;
- Depositions of all named Plaintiffs under Rules 26, 27, and 30.
- Depositions under Rule 30(b)(6) of all Plaintiffs Nutritional Brands, Inc. and/or Nutritional Beverages, LLC.

**b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:**

Plaintiffs submit none at this time.

**c. The number of hours permitted for each deposition. The parties should consider whether a total number of depositions hours should be set in the case, such as 20 total hours for Plaintiffs and 20 total hours for Defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.**

*Plaintiffs' position:*

*See* above for No. 14(a).

*Defendants' position:*

Defendants anticipate completion of most party and non-party depositions in 4 hours or less. However, Defendants maintain that the scope of discovery should be consistent with the Federal Rules, including Fed. R. Civ. Pro. 34(d)(1). At a minimum, Defendants request that the duration and scope of depositions under Rule 30(b)(6) be consistent with Fed. R. Civ. Pro. 34(d)(1).

**15.    A statement of when the parties served their MIDP discovery responses:**

The deadline has not yet passed. *See* above for No. 13.

**16.    Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

   **a. A deadline for the completion of fact discovery, which will also be the deadline for final supplementation of discovery responses under the MIDP:**

240 days from the date of the Rule 26(f) conference: Friday, March 12, 2021

   **b. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C):**

Plaintiff shall disclose areas of expert testimony by October 16, 2020, and Defendants shall disclose areas of expert testimony by November 13, 2020.

Plaintiff shall disclose the identity and opinions of experts by January 15, 2021, and Defendants shall disclose the identity and opinions of experts by February 12, 2021.

The parties shall simultaneously disclose their rebuttal expert opinions by Friday, March 12, 2021.

   **c. A deadline for completion of all expert depositions:**

Friday, April 9, 2021

   **d. A date by which the parties shall have engaged in face-to-face good faith settlement talks:**

12

Plaintiffs' Proposed Date:  Friday, March 26, 2021

Defendants' Proposed Date:  Friday, November 6, 2020

 **e.  A deadline for filing dispositive motions:**

Friday, May 7, 2021

**17. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons):**

 Plaintiffs do not request a jury trial as there is a jury trial waiver in the underlying written contract.  Defendants agree that all waivers in the contract control and the contract contains a jury trial waiver.

**18. The prospects for settlement, including any request of the Court for assistance in settlement efforts:**

 *See* No. 8 above.

**19. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1:**

*Plaintiffs' position:*

 None at this time.

*Defendants' position:*

 Defendants note that this case will proceed during the COVID-19 pandemic which will likely inhibit certain discovery efforts, including the ability to take in-person depositions. Moreover, nearly every percipient witness and non-party with relevant information is located in California or another foreign jurisdiction.  As a result, enforcement of subpoenas will require the filing of motions before foreign courts, including California federal courts.  The COVID-19 pandemic has heavily taxed the California court system and caused severe delays in resolution

of disputes in those courts. Thus, Defendants note that flexibility will likely be required on discovery deadlines in this case to ensure the matter is resolved in a just and fair manner.

DATED this 23rd day of July, 2020.

**TITUS BRUECKNER & LEVINE PLC**

By: */s/ Jeffrey D. Harris*
    Bradley S. Shelts
    Jeffrey D. Harris
    8355 E. Hartford Drive, Suite 200
    Scottsdale, Arizona 85255
    *Attorneys for Nutritional Brands, Inc., Nutritional Beverages, LLC, and Jason Pratte*

**EMORD & ASSOCIATES, P.C.**

By: */s/ Peter A. Arhangelsky, with permission*
    Peter A. Arhangelsky
    2730 S. Val Vista Drive, Bldg. 6, Suite 133
    Gilbert, AZ 85295
    *Attorney for Defendants Beauty Detox LLC; Kimberly Snyder and Doe Snyder; and John Pisani*

**DYKEMA GOSSETT PLLC**

By: */s/ Jon D. Cantor, with permission*
    Jon D. Cantor (*pro hac vice*)
    333 South Grand Avenue, Suite 2100
    Los Angeles, CA 90071
    *Attorney for Defendants Beauty Detox LLC; Kimberly Snyder and Doe Snyder; and John Pisani*

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2020, I electronically transmitted the foregoing *Joint Case Management Report* to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter A. Arhangelsky
parhangelsky@emord.com
EMORD & ASSOCIATES, P.C.
2730 S. Val Vista Drive, Bldg. 6, Suite 133
Gilbert, AZ 85295
*Attorney for Defendants Beauty Detox LLC; Kimberly Snyder and Doe Snyder; and John Pisani*

Jon D. Cantor (*pro hac vice*)
jdcantor@dykema.com
DYKEMA GOSSETT PLLC
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
*Attorney for Defendants Beauty Detox LLC; Kimberly Snyder and Doe Snyder; and John Pisani*

/s/ Sarah Haddix

P:\DOCS\08247\002\DRAFTS\33P7556.DOCX